# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MARYLAND
# GREENBELT DIVISION

| | |
|---|---|
| Akiva McClam, | : |
|                 Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Northstar Location Services, LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                 Defendants. | : |

For this Complaint, Plaintiff, Akiva McClam, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Akiva McClam ("Plaintiff"), is an adult individual residing in Waldorf, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Northstar Location Services, LLC ("Northstar"), is a New York business entity with an address of 4285 Genesee Street, Cheektowaga, New York 14225, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined

as parties once their identities are disclosed through discovery.

      6.      Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

      7.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

      8.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

      9.      The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

      10.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Northstar Engages in Harassment and Abusive Tactics**

      11.      Within the last year, Northstar began contacting Plaintiff in an attempt to collect the Debt.

      12.      During the initial conversation on or about August 5, 2016, Northstar told Plaintiff that his account was already in "pre-litigation" status and that legal action would be taken against him if he did not pay by August 26, 2016.

      13.      Northstar then offered to settle the Debt for a lower amount if Plaintiff made an immediate payment.

      14.      As this was Plaintiff's first conversation with Northstar, both of these statements overshadowed Plaintiff's right to dispute the Debt.

    **C. <u>Plaintiff Suffered Actual Damages</u>**

15.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

16.    As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

17.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.    Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19.    Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action against Plaintiff, without actually intending to do so.

20.    Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

21.    Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22.    Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

23.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

24.    Plaintiff is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 1, 2017

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF